```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
```

In re:                                                      Case No. 19-02097-RNO
Dorothy Ann Daniels                                         Chapter 13
Don D Daniels
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5        User: DDunbar          Page 1 of 3              Date Rcvd: Jun 19, 2019
                           Form ID: pdf002         Total Noticed: 72


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 21, 2019.
```
db/jdb       +Dorothy Ann Daniels,    Don D Daniels,    1053 Water Street,    Moosic, PA 18507-1809
5198600      +American Express,    PO Box 981537,    El Paso TX 79998-1537
5198601      +Attorney Demetrius H. Tsarouhis,    21 S. 9th Street,    Suite 200,    Allentown PA 18102-4861
5198603       C Tech Collections,    5505 Nesconset Hwy.,    Suite 200,    Mount Sinai NY 11766-2026
5198610      +Commercial Acceptance Company,    2 West Main Street,    Shiremanstown, PA 17011-6326
5198611       Commonwealth Health,    PO Box 637289,    Cincinnati OH 45263-0877
5198613      +Commonwealth Physician Network,    1032 N Washington Ave,    Scranton, PA 18509-2913
5198612       Commonwealth Physician Network,    610 Wyoming Ave,    Kingston PA 18704-3702
5198614       Convergent,    PO Box 1022,    Wixom MI 48393-1022
5198619      +Dr. Gary Verazan M.D.,    390 Pierce Street,    Kingston PA 18704-5532
5198620      +HSBC,    PO Box 9,    Buffalo NY 14240-0009
5198621      +HSBC Bank Nevada N.A.,    2300 W Sahara Ave,    Las Vegas NV 89102-4352
5198622      +IC System Inc,    PO Box 64437,    St. Paul, MN 55164-0437
5198624      +Landmark Community Bank,    2 S Main Street,    Pittston PA 18640-1850
5198629      +Medical Data Systems,    2001 9th Avenue STE 312,    Vero Beach FL 32960-6413
5208476      +NAPA OF WILKES-BARRE GENERAL HOSPITAL,    C.TECH COLLECTIONS, INC.,
               5505 NESCONSET HWY - STE 200,    MT SINAI, NY 11766-2026
5198633       Nationstar Mortgage LLC,    8950 Cypress Waters Blvd.,    Dallas TX 75063
5198634      +Northland Group Inc.,    PO Box 390846,    Minneapolis MN 55439-0846
5198637       PayPal Credit,    PO Box 71202,    Charlotte NC 28272-1202
5198636      #PayPal Credit,    PO Box 105658,    Atlanta GA 30348-5658
5198640      +Pennsylvania Physicians Services,    PO Box 14000,    Belfast ME 04915-4033
5198641      +Pennsylvania Physicians Services,    Attn #21113R,    PO Box 14000,    Belfast ME 04915-4033
5198639       Pennsylvania Physicians Services,    Mailstop 49111298,    PO Box 660827,    Dallas TX 75266-0827
5198644      +Radiology Associates of Wyoming Valley,    575 N River Street,    Wilkes Barre PA 18702-2634
5198649      +The Bank of Missouri/Milestne,    PO Box 4499,    Beaverton OR 97076-4499
5198650      +The Bureaus,    650 Dundee Road,    Suite 370,    Northbrook IL 60062-2757
5198652       UFCW Federal Credit Union,    977 Wyoming Ave.,    Wtoming, PA 18644
5198653      +Unifund,    10625 Techwoods Circle,    Cincinnati OH 45242-2846
5203324      +Unifund CCR LLC,    Tsarouhis Law Group,    21 South Ninth Street,    Allentown, PA 18102-4861
5198659      +Wilkes Barre Clinic Company,    Attn: 9627B,    PO Box 14000,    Belfast ME 04915-4033
5198660      +Wilkes Barre General Hospital,    575 North River Street,    Wilkes Barre PA 18764-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr           +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 19 2019 20:02:38
               PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5198602      +E-mail/PDF: bk@avant.com Jun 19 2019 19:58:28      Avant,    222 N Lasalle Street,    Suite 1700,
               Chicago IL 60601-1101
5198606       E-mail/Text: bankruptcy@cavps.com Jun 19 2019 19:58:15      Cavalry Portfolio Services, LLC,
               PO Box 27288,    Tempe, AZ 85285-7288
5198604      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 19 2019 20:04:02      Capital One,
               PO Box 30281,    Salt Lake City UT 84130-0281
5198605      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 19 2019 20:02:34      Capital One,
               PO Box 30285,    Salt Lake City UT 84130-0285
5204567       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 19 2019 20:02:34
               Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
               Charlotte, NC 28272-1083
5198607      +E-mail/Text: bankruptcy@cavps.com Jun 19 2019 19:58:15      Cavalry Portfolio Svcs,
               500 Summit Lake Dr,    Ste 4A,    Vallhalla, NY 10595-2323
5200223      +E-mail/Text: bankruptcy@cavps.com Jun 19 2019 19:58:15      Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5198608      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 19 2019 19:57:40      Commenity Bank,
               PO Box 182273,    Columbus OH 43218-2273
5198609      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 19 2019 19:57:40      Commenity Bank,
               Commenity Bank Woman Within,    PO Box 182789,    Columbus OH 43218-2789
5198615      +E-mail/Text: bdsupport@creditmanagementcompany.com Jun 19 2019 19:58:22
               Credit Management Company,    2121 Noblestown Rd,    Pittsburgh PA 15205-3956
5198616       E-mail/Text: bdsupport@creditmanagementcompany.com Jun 19 2019 19:58:22
               Credit Management Company,    PO Box 16346,    Pittsburgh PA 15242-0346
5198617      +E-mail/PDF: creditonebknotifications@resurgent.com Jun 19 2019 20:02:43      Credit One Bank,
               PO Box 98872,    Las Vegas NV 89193-8872
5198618      +E-mail/PDF: creditonebknotifications@resurgent.com Jun 19 2019 20:02:41      Credit One Bank,
               PO Box 98873,    Las Vegas NV 89193-8873
5198623      +E-mail/Text: bncnotices@becket-lee.com Jun 19 2019 19:57:21      Kohls,    PO Box 3115,
               Milwaukee WI 53201-3115
5198628      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 19 2019 20:04:18      LVNV Funding,
               PO Box 10587,    Greenville SC 29603-0587
5198627      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 19 2019 20:14:41      LVNV Funding,
               PO Box 10497,    Greenville SC 29603-0497
5198625      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 19 2019 20:03:29      LVNV Funding,
               c/o Resurgent Capital Services,    PO Box 1269,    Greenville SC 29602-1269
5198626      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 19 2019 20:14:43      LVNV Funding,
               PO Box 1269,    Greenville SC 29602-1269
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

5203196          E-mail/PDF: resurgentbknotifications@resurgent.com Jun 19 2019 20:04:17     LVNV Funding, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5209779          E-mail/Text: bkr@cardworks.com Jun 19 2019 19:56:06     MERRICK BANK,
                 Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
5198630         +E-mail/Text: bkr@cardworks.com Jun 19 2019 19:56:06     Merrick Bank,   PO Box 9201,
                 Old Bethpage, NY 11804-9001
5198631         +E-mail/Text: bankruptcydpt@mcmcg.com Jun 19 2019 19:57:58     Midland Funding LLC,
                 2365 Northside Drive,   Suite 300,   San Diego CA 92108-2709
5198632         +E-mail/Text: Bankruptcies@nragroup.com Jun 19 2019 19:58:40     National Recovery Agency,
                 2491 Paxton Street,   Harrisburg PA 17111-1036
5207469          E-mail/PDF: cbp@onemainfinancial.com Jun 19 2019 20:03:49     ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
5198635         +E-mail/PDF: cbp@onemainfinancial.com Jun 19 2019 20:03:49     One Main,   PO Box 1010,
                 Evansville, IN 47706-1010
5198642          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 19 2019 20:26:12
                 Portfolio Recovery Associates,   120 Corporate Blvd,   Suite 100,   Norfolk, VA 23502
5198638          E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:03:07     Paypal Synch Bank,
                 PO Box 960080,   Orlando FL 32896-0080
5198643         +E-mail/Text: bankruptcyteam@quickenloans.com Jun 19 2019 19:58:20     Quicken Loans,
                 1050 Woodward Avenue,   Detroit MI 48226-1906
5198645          E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:03:07     SYNCB/AMAZON PLCC,
                 PO BOX 965015,   Orlando, FL 32896-5015
5198646          E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:03:54     Synchb/Paypal Extra SMC,
                 PO Box 965005,   Orlando FL 32896-5005
5198647          E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:02:27     Synchrony Bank,   PO Box 965036,
                 Orlando FL 32896-5036
5199076         +E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:03:09     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5198648          E-mail/PDF: gecsedi@recoverycorp.com Jun 19 2019 20:02:28     Synchrony Bank Sams Club,
                 PO Box 965005,   Orlando FL 32896-5005
5198651         +E-mail/Text: bknotices@totalcardinc.com Jun 19 2019 19:58:00     Total Card Inc,
                 5109 South Broadband Lane,   Sioux Falls SD 57108-2208
5198655         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 19 2019 19:56:08
                 Verizon Wireless,   500 Technology Drive Suite 300,   Weldon Springs MO 63304-2225
5198654         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 19 2019 19:56:09
                 Verizon Wireless,   PO Box 5029,   Wallingford CT 06492-7529
5198656         +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 19 2019 19:56:09
                 Verizon Wireless,   PO Box 28000,   Lehigh Valley PA 18002-8000
5198657          E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 19 2019 19:56:09
                 Verizon Wireless,   PO Box 26055,   Minneapolis MN 554260055
5198658         +E-mail/Text: bnc-bluestem@quantum3group.com Jun 19 2019 19:58:28     Webbank Fingerhut,
                 6250 Ridgewod Road,   Saint Cloud MN 56303-0820
5198661         +E-mail/Text: RMOpsSupport@alorica.com Jun 19 2019 19:58:07     Worldwide Asset Purchasing LLC,
                 11808 Miracle Hills Drive,   Omaha, Nebraska 68154-4403
                                                                                   TOTAL: 41

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 21, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 19, 2019 at the address(es) listed below:
         Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
         James Warmbrodt   on behalf of Creditor  Quicken Loans Inc. bkgroup@kmllawgroup.com
         John Fisher   on behalf of Debtor 2 Don D Daniels johnvfisher@yahoo.com,
          fisherlawoffice@yahoo.com
         John Fisher   on behalf of Debtor 1 Dorothy Ann Daniels johnvfisher@yahoo.com,
          fisherlawoffice@yahoo.com
         United States Trustee   ustpregion03.ha.ecf@usdoj.gov

                                               TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



IN RE:

DOROTHY ANN DANIELS
DON. D. DANIELS

CHAPTER 13

CASE NO. 5 -bk- 19 - 02097

✔ ORIGINAL PLAN

☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ✔ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ✔ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ✔ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 5,952.60 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| June 2019 | May 2024 | $99.21 | $0.00 | $99.21 | 5,952.60 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 5,952.60 |

      2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

      3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

      4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

         (✔) Debtor is over median income. Debtor estimates that a minimum of $ 2,489.40 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is
$ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

Case 5:19-bk-02097-RNO   Doc 23   Filed 06/21/19   Entered 06/22/19 00:44:53   Desc
Imaged Certificate of Notice   Page 6 of 15

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

 None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| UFCW | 201 Jeep Wrangler6 |  |
| Landmark Bank | 2017 Jeep Wrangler |  |
| Quicken Loans | 1053 Water Street Moosic PA |  |

4

**C. <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence).</u>** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**D. <u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

 None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F. Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3. PRIORITY CLAIMS.**

    **A. <u>Administrative Claims</u>**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

          a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

          b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

          ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

          ☐ The following administrative claims will be paid in full.

Case 5:19-bk-02097-RNO   Doc 23   Filed 06/21/19   Entered 06/22/19 00:44:53   Desc
Imaged Certificate of Notice   Page 11 of 15

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B.** **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

**6.  VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan  confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

(☑) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a
discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,
the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

Case 5:19-bk-02097-RNO    Doc 23    Filed 06/21/19    Entered 06/22/19 00:44:53    Desc
Imaged Certificate of Notice    Page 14 of 15

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 5/14/2019

s/John Fisher, Esq.
Attorney for Debtor

s/Dorothy Ann Daniels
Debtor

s/Don D. Daniels
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12